[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following motions are addressed by this decision:
1. Motion #106 to Reopen and Modify, filed August 21, 1998 by plaintiff.
2. Motion #106.5 for Attorney's Fees, filed August 21, 1998 by plaintiff
3. Motion #108 for Contempt Citation, filed August 21, 1998 by plaintiff.
4. Motion #110 for Attorney's Fees, filed November 10, 1998 by defendant.
5. Motion #111 for Contempt, filed November 10, 1998 by defendant.
6. Motion #114 for Counsel Fees, filed December 22, 1998 by Attorney Connolly, attorney for children.
7. Motion #115 to Compel and Sanctions, PJ, filed January 28, 1999 by plaintiff. CT Page 3261
8. Motion #116 for Sanctions, filed February 3, 1999 by defendant.
9. Motion #117 to Compel, filed April 5, 1999 by defendant.
10. Motion #120 for Contempt, filed August 23, 1999 by plaintiff.
11. Motion #121 and #122 to Compel, filed by defendant.
12. Motion #123 for Attorney Fees, filed September 1, 1999 by plaintiff.
13. Motion for Accounting From Successor Custodian, filed September 27, 1999 by defendant.
14. Motion for Transfer of Funds to Minor, filed September 27, 1999 by defendant.
15. Motion for Removal of Custodian, filed September 27, 1999 by defendant.
Following a contested hearing on September 14, 1999 and September 16, 1999, this hearing was closed on November 8, 1999 upon the filing of briefs by all parties including counsel for the minor children. The court has carefully considered the testimony of the parties and the witness, the exhibits admitted during the hearing, the financial affidavits of the parties submitted at the hearing and the relevant statutory criteria and case law regarding the aforementioned motions and makes the following findings and orders:
By Way of Findings:
1. The parties were married on June 14, 1975 at Woburn, Massachusetts and have three children, issue of this marriage:
Michael born December 16, 1977 (age 22)
Julie born September 21, 1979 (age 20)
Daniel born April 26, 1981 (age 18)
2. The parties were divorced on September 12, 1991 and this court found the June 25, 1991 written agreement (hereinafter CT Page 3262 referred to as "written agreement") of the parties to be fair and equitable and ordered that agreement to become a part of the court file.
3. The written agreement and the judgment provided for child support in the amount of $120.00 per week, per child, for a total of $360.00 weekly child support payable by the defendant father to the plaintiff mother. The child support obligation was subject to automatic upward adjustments pursuant to the written agreement and the judgment. Said written agreement and judgment also provided for health insurance and the sharing of all uncovered/unreimbursed health-related expenses.
4. Immediately after the hearing and outside the presence of the court, the parties agreed orally that the defendant would pay the plaintiff $420.00 weekly child support for the three minor children. Notwithstanding the December 13, 1994 letter from Edward A. Rodriguez to To Whom It May Concern (Plaintiffs Exhibit 14), the court finds that the parties agreed to the weekly support obligation of $420.00 in lieu of attempting to recalculate support each year pursuant to the written agreement and judgment during the children's minority only, not to age 22.
5. The plaintiff has not been prejudiced by any claimed inaction on her part. The court specifically finds that she has received more child support over the years than what she would have been entitled to receive under the automatic upward adjustments pursuant to the written agreement and judgment including the sharing of uncovered/unreimbursed health-related expenses. The court notes that a significant portion of the health-related expenses appear to have been incurred after age 18 and therefore not subject to the written agreement and judgment.
6. The defendant stopped payment of child support for Daniel in April of 1999 when Daniel turned 18 on April 26, 1999. Plaintiffs Motion #106 to Reopen and Modify Child Support was filed August 21, 1998 and any order to modify child support for Daniel may be retroactive to that date. The court finds a substantial change in the circumstances of the parties since the judgment of September 12, 1991 and, based on the financial affidavits of the parties and the Child Support Guideline Worksheet filed at the hearing, has found the child support obligation for Daniel only to be $180.00 per week for the period of August 21, 1998 to April 26, 1999. Therefore, the arrearage is found to be $1,420.00 (35.5 weeks x 40 = 1420). CT Page 3263
7. As concerns the College Tuition Expense Provision of the written agreement and judgment, the court finds that the parties were mistaken as to the form of ownership of the AIG stock referenced therein and their ability to use that stock pursuant to their agreement. This court finds that provision of the written agreement, specifically paragraph 15, void ab initio and therefore unenforceable. As such, this court did not have the power to incorporate that provision in the judgment. The parties are left with their representation that they desire to contribute to a college education for the children to the extent each is able to do so. However, this desire is not enforceable by this court. The parties are left to voluntarily agree on how they wish to help their children with their college expenses.
8. This court also finds that voiding the College Tuition Expense Provision of the written agreement and judgment does not affect the integrity of the remainder of the written agreement and judgment which remains in full force and effect.
9. The defendant's September 22, 1999 Motions for Accounting, Transfer of Funds to Minor and Removal of Custodian should be addressed in Probate Court by the parties and the three children who are now adults and capable of proceeding on their own. The court takes note of defendant's assertion in these motions that he has filed a petition in Probate Court to address these issues and this court defers jurisdiction on those issues and all related issues to the appropriate Probate Court in the State of Connecticut.
10. The court specifically finds that neither party intentionally violated the terms of the written agreement or the judgment in connection with their dealings and interactions with the children concerning these proceedings (see paragraph 4 of written agreement and second paragraph on page 3 of judgment).
11. The court specifically finds that the defendant husband did not give or make available the "black notebook" to their son Michael and that the plaintiff mother does not have possession of that "black notebook".
12. The court has taken into account the fact that Michael turned 18 on December 16, 1995, that Julie turned 18 on September 21, 1997 and that Daniel turned 18 on April 26, 1999. CT Page 3264
13. This court does not have all the necessary parties before it to resolve the issues involving the trust accounts for the children and those issues more appropriately are under the jurisdiction of the Probate Court and, as noted above, this court defers jurisdiction to said Probate Court.
This court enters the following orders:
1. Motion #106 to Reopen and Modify
a) Granted. Retroactive to August 21, 1998 for the period August 21, 1998 to April 26, 1999 in the amount $180.00 per week for the minor child Daniel only. An arrearage of $1,420.00 is found to be due and owing by defendant to plaintiff at this time. Payment in full shall be made within 30 days of this order.
b) The defendant father shall be entitled to claim Michael and Julie as dependents and the plaintiff mother shall be entitled to claim Daniel as a dependent pursuant to their written agreement and the judgment. (See paragraph 8 of the written agreement and the first full paragraph on page 6 of the judgment.)
2. Motion #106.5 for Attorney's Fees, denied.
3. Motion #108 for Contempt Citation, denied.
4. Motion #110 for Attorney's Fees, denied.
5. Motion #111 for Contempt, denied without prejudice. Issues raised in motion should be brought before appropriate Probate Court in the State of Connecticut.
6. Motion #114 for counsel fees, granted. The reasonable counsel fees charged by Attorney Susan Connolly for her representation of the children shall be paid as follows: 25% by the plaintiff mother and 75% by the defendant father.
7. Motion #115 to Compel and Sanctions, PJ, denied.
8. Motion #116 for Sanctions, denied.
9. Motion #117 to Compel, denied as to costs and attorney's fee. See April 19, 1999 Stipulation in file.
10. Motion #120 for Contempt, PJ, denied as to costs and CT Page 3265 attorney's fee. See September 7, 1999 agreement in file.
11. Motions #121 and 122 to Compel, denied as to costs and attorney's fee. See September 7, 1999 agreement in file.
12. Motion #123 for Attorney's Fees, denied as to costs and attorney's fee. See September 7, 1999 Agreement in file.
13. Motion for Accounting from Successor Custodian filed September 27, 1999, denied without prejudice. Issues raised in motion should be brought before appropriate Probate Court in the State of Connecticut.
14. Motion for Transfer of Funds to Minor filed September 27, 1999, denied without prejudice. Issues raised in motion should be brought before appropriate Probate Court in the State of Connecticut.
15. Motion for Removal of Custodian filed September 27, 1999, denied without prejudice. Issues raised in motion should be brought before appropriate Probate Court in the State of Connecticut.
James G. Kenefick, Jr., J.